UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVON K. ADDONIZIO, individually, and as parent and natural guardian for minor baby Plaintiff C.M, her daughter,<br><br>          Plaintiffs,<br>     v.<br><br>SIMPLY THICK, LLC, THERMO PAC, LLC, and AMERIQUAL GROUP, LLC,<br><br>          Defendants<br><br>and<br><br>THERMO PAC, LLC, AMERIQUAL GROUP, LLC,<br><br>          Third Party Plaintiffs,<br><br>     v.<br><br>H. J. HEINZ COMPANY,<br><br>          Third Party Defendant. | Case No. 12-cv-4448 (RA) (FM)<br><br>ECF Case |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS THERMO PAC, LLC
AND AMERIQUAL GROUP, LLC'S MOTION TO DISMISS**

1142264.6

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL BACKGROUND............................................................................................... 2

ARGUMENT ................................................................................................................................. 5

        A.      This Forum is More Convenient to All Parties (Woodward Factor 2)................................................................................................. 6

        B.      Addonizios are not Forum-Shopping (Woodward Factor 3) ...................... 7

        C.      Defendants have Violated Two Procedural Rules. ..................................... 7

        D.      The Defendants' Motion is Procedurally Improper for Two Reasons and Either is Sufficient to Deny Defendants' Motion. ................. 9

                1.      Defendants' Motion is Untimely. ................................................... 9

                2.      Granting Defendants' Motion Does Not Give Defendants the Relief they Purport to Seek, Instead it Would serve to Dismiss all of the Addonizios' Claims (Woodward Factor 6) .................................................................................... 9

        E.      The Present (SDNY) Action is More Advanced than the Missouri State Court Action (Woodward Factor 4)................................................ 10

CONCLUSION............................................................................................................................ 10

## PRELIMINARY STATEMENT

Plaintiff Devon K. Addonizio, individually and as parent and natural guardian for minor baby Plaintiff C.M., her daughter ( the "Addonizios" or "Plaintiffs"), respectfully submit this memorandum of law opposing motion to dismiss this action filed by Defendants Thermo Pac, LLC ("Thermo Pac") and AmeriQual Group, LLC ("AmeriQual") (collectively, "Defendants") trying to dismiss the case outright by deceptively arguing to this Court that they "only want" the case to proceed in state court in Missouri.  For the reasons set forth below, Defendants' Rule 12(b)(6) motion is inapplicable because there is no basis (or argument in support of ) dismissal for a failure to state a claim; is procedurally untimely because it was filed after the answers were served and discovery is proceeding; is in violation of this Court's Rule and the Pilot Project Rule for failure to even attempt to meet and confer; the motion itself contains numerous factual "misunderstandings" about the proceedings, and on its face is without a basis to justify it on the merits.

**PROCEDURAL BACKGROUND**

Over a year and a half ago, Plaintiffs filed the present action on behalf of minor plaintiff C.M. and her mom, Dr. Devon Addonizio to recover for terrible personal injuries suffered by baby C.M. as a result of Defendants' dangerous and defective product, Simply Thick. On or about May 2, 2012, Plaintiffs filed their original complaint in New York State Supreme Court, New York County. Exhibit A. On or about May 17, 2012, Plaintiffs filed an Amended Complaint in New York Supreme Court to add additional parties and served the same on Defendants Thermo Pac and Ameriqual. Exhibit B. On or about June 6, 2012, the Defendants removed the case from state court in New York Supreme to this Court (the "SDNY Action"). (Dkt. No. 1; *see also* Exhibit C)

Plaintiffs did not oppose Defendants' removal. As a result, on June 6, 2012, this Court Ordered the Present Action assigned to the complex civil case project, imposing additional procedural rules to streamline discovery and other matters in civil actions. (Dkt. No. 7) On or about July 9, 2012, the Present Action was re-assigned to Judge Ronnie Abrams, which, naturally, requires compliance with Judge Abram's Individual Court Rules & Practices in Civil Cases. (Dkt. No. 12) On June 4, 2013, over one year after filing the original lawsuit which is the matter before this Court, Plaintiffs filed a multi-plaintiff petition (complaint) in Missouri state court that included the Addonizios as plaintiffs because Plaintiffs could not sue Defendant John L. Holohan (the owner of defendant Simply Thick, LLC) anywhere but in Missouri. Exhibit E.

On July 3, 2013, the Defendants e-mailed Plaintiffs' counsel requesting that we choose to voluntarily dismiss either the Present Action or the Missouri Action. Exhibit G. On July 8, 2013, Plaintiffs' Counsel responded to the Defendants and stated that Plaintiffs would keep the Addonizio case in the Southern District of New York, but because the Missouri Action was

already filed, pursuant to Missouri civil procedural requirements, a stipulation or court order was necessary to dismiss out the Addonizios' claims against ThermoPac, Ameriqual and Simply Thick, LLC from the Missouri Action. *Id.* To effectuate the dismissal, Plaintiffs' counsel therefore requested that the Defendants sign an agreed-upon stipulation to dismiss the Addonizios' claims only from the Missouri Action.  Plaintiffs received no response.

Discovery commenced in the case pending before this Court.  On August 24, 2012 and September 7, 2012, the Defendants served on the Addonizios a demand for a "Plaintiff Profile," which is ostensibly a series of Interrogatories and Requests for Production of Documents and Things, then 16 more Interrogatories, with several subparts each, and 56 more Requests for Production, also with subparts. *See* Exhibits D & J.

At the same time, the parties attempted to mediate the case, together with several other "Simply Thick" cases involving injured children throughout the U.S.  The Addonizios served extensive copies of medical records on the Defendants together with expert reports for settlement purposes.  The Court permitted the parties several extensions of time for discovery and a stay of discovery in order to allow the parties an opportunity to mediate the case. (Dkt No. 29 (Order dated August 1, 2012); Dkt. No. 47 (Order dated November 6, 2012); Dkt. No. 54 (Order dated March 3, 2013).  Finally, on July 23, 2013, following the parties' second failed attempt at mediation, the parties met and conferred regarding a discovery schedule.  And, Plaintiffs' counsel again asked Defendants' counsel if they would enter into a stipulation agreeing to dismiss the Addonizios' claims pending in state court in Missouri.  Counsel for the Defendants promised to get back to her quickly.  No response was forthcoming.

The parties reported on the mediation and the discovery at the status conference before this Court on August 5, 2013.  Following that status conference, the Court entered an Order, establishing that fact discovery is to be completed on or before February 14, 2014, and expert

discovery is to be completed on or before June 16, 2014. (Dkt. No. 65)  At that time, the issue of two actions initiated by the Addonizios against Thermo Pac, AmeriQual and Simply Thick, LLC was raised by counsel.  Plaintiffs again agreed to dismiss the Addonizios' claims in the Missouri state court action pending against the Defendants.  Plaintiffs' counsel asked the Defendants to enter into the same Stipulation.  Defendants promised to get back to them.  Again, nothing was forthcoming.

On August 5, 2013, Plaintiffs again followed up with all the defendants in the Missouri Action, requesting that they agree to dismiss out the Addonizios' claims only from the Missouri Action and attached a prepared stipulation to that effect. *See* Exhibit H.  Plaintiffs received no response.

Again, on August 26, 2013 and August 29, 2013, Plaintiffs' counsel sought Defendant SimplyThick LLC's consent to dismiss the Addonizios' claims against Simply Thick, LLC only from the Missouri Action. Defendant SimplyThick LLC never fulfilled its promise to "confer with my clients and get back to you." Exhibit I.  During, at least one subsequent telephone conversation, Plaintiffs' counsel requested the stipulation, reiterating our desire to dismiss the Addonizios' claims only from the Missouri Action, but counsel for Defendants again declined to respond and promised to get back to us.  Nothing happened.

On or about August 9, 2013, the Defendants re-served their discovery requests on Plaintiffs *in this SDNY Action* (and not in the Missouri Action). *See* Exhibit J.  After successful meet-and-confer efforts about the scope of those discovery requests, Plaintiffs answered that discovery on November 1, 2013. Several depositions proceeded in the related action, and Defendants filed cross-notices on Plaintiffs in the federal court action.

With the exception of consolidating several Simply Thick actions pending in Missouri State Court and granting of *pro hac vice* motions, *no affirmative discovery* of the Addonizio

plaintiffs has gone forward in the Missouri Action. Defendant John Holohan moved to dismiss the Missouri action initiated by the Addonizios and the other Missouri plaintiffs. Those motions are still pending. No scheduling order outlining discovery deadlines has yet been entered in the Missouri Action. The motion to dismiss the claims against Mr. Holohan is set to be argued at the next conference in the Missouri Action on January 14, 2014. *See* Exhibit K. Thus, the Missouri Action is significantly behind this SDNY Action. Without responding to Plaintiffs' request to stipulate to the dismissal of the Addonizios' claims only from the Missouri Action, and without making any effort to meet-and-confer with the Plaintiffs, the Defendants filed the instant motion to dismiss.

Rather than make another futile attempt to resolve the issue with the Defendants, on December 9, 2013, Plaintiffs filed a motion to dismiss all of the Addonizios' claims against these defendants initiated in the Missouri Action. Exhibit L. Once that motion is granted, it will render the Defendants' current motion moot.

## ARGUMENT

Plaintiffs have now moved to dismiss the Addonizios' claims from the Missouri state court action, rendering the current motion before this Court moot. Assuming that it is not moot, under the *Colorado River* analysis and the Second Circuit's six-factor analysis,[1] Defendants' motion should be denied. The Second Circuit has outlined the six factors important to the *Colorado River* analysis:

1. whether the controversy involves a *res* over which one of the courts has assumed jurisdiction;
2. whether the federal forum is inconvenient;
3. whether staying or dismissing the federal action will avoid piecemeal litigation;

---

[1] *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)

4. the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other;

5. whether federal law provides the rule of decision; and

6. whether the state procedures are adequate to protect the plaintiffs' rights[2].

Most significantly, the involuntary dismissal that Defendants seek under Rule 41(b) will act as adjudication on the merits, thereby dismissing all of the Addonizios' claims. The applicable state court action, filed after this case, will not be able to adequately protect the Plaintiffs' rights. Defendants disingenuously fail to even mention that to this Court.

The sequence of events outlined above makes clear that: this SDNY Action was filed first; is more advanced in litigation than the Missouri court action; is more convenient for the parties and the witnesses; and, this Court is far more familiar with New York law which will apply to the facts here than a Missouri state court would be in hearing this particular case. Further, Defendants have repeatedly said that they do not want to try all of the children's cases together, but rather one at a time. This case was one of the first cases filed and is unlikely to resolve by settlement. Therefore, it can be tried alone.

### A.  This Forum is More Convenient to All Parties (*Woodward* Factor 2)

No party has previously raised an issue of the "burden of proceeding with the litigation" in this forum previously – and with good reason: all of the Defendants do business nationwide and have with counsel from sophisticated (and well-staffed) law firms with offices and local counsel throughout the country, including in the New York. To argue that it is a burden to proceed with this case in the South District of New York is a farce.

This New York forum is convenient to all parties and witnesses. Dr. Addonizio and her daughter reside in Manhattan. The Addonizio child was treated in New York at the Weill-Cornell Medical Center when she was first given SimplyThick, and when she was diagnosed

---

[2] *Woodford,* 239 F.3d at 522.

with necrotizing enterocolitis ("NEC"). Many of her treating doctors both during the NEC infection and since that time, reside and work in New York. The Addonizio child, now three years old, is treated here in New York and undergoes therapy here. All of her damages witnesses will be from New York, or the Northeast Corridor. All of the case specific witnesses are here in New York.

Since the SimplyThick was sold and consumed in New York and the child was injured in New York, utilizing a conflict of laws analysis, it is more likely that New York law will apply at trial. To force the Addonizios to litigate their case elsewhere would run counter to the productive use of all of the parties' resources.

### B.  Addonizios are not Forum-Shopping (*Woodward* Factor 3)

Plaintiffs readily admit that they added the Addonizio claims to the Missouri Action in order to pursue additional claims against Defendant John L. Holahan. Plaintiff Addonizio especially believed it would serve in everyone's interest to join Addonizio with Missouri Action, believing that Defendant John L. Holahan (the owner of defendant Simply Thick LLC) is personally liable for his actions. However, our client, Dr. Addonizio, has instructed us to proceed with her daughter' case in a venue that is more convenient to her and the evidence in this case – all of which is readily available here in the Southern District of New York.

Moreover, Plaintiffs' counsel, who has several cases involving the same subject product SimplyThick, *has already agreed to coordinate defense discovery across these jurisdictions*. Thus, there is no risk of duplicative work here.

### C.  Defendants have Violated Two Procedural Rules.

Moreover, if not for the Defendants' flagrant violation of two separate Court's Rules, this Court would not have had to entertain this (soon to be moot) motion. As noted, Plaintiffs made concerted efforts on at least *six* separate occasions to request the Defendants' consent to the

dismissal of the Addonizios' claims from the Missouri Action. *See* Exhibits G, H & I. This motion to dismiss, as filed, violates **both** Judge Abram's Individual Rules and Practices and the Complex Pilot Program Rules. (*See* Dkt. Nos. 12, 3; respectively)

Judge Abram's Individual Rules & Practices expressly provide that "[p]rior to a defendant making a motion to dismiss, the parties must use their best efforts to resolve informally the matters in controversy. Such efforts must include either an exchange of letters outlining their respective positions on the matters, or a telephonic or in-person discussion of the matters." Not only have Defendants not made their **best** efforts to resolve this issue informally, Defendants have made ***no effort*** whatsoever. This is evidenced by the fact that they have made no affirmation to seek the resolution of this matter informally — in disregard for Judge Abram's express directive, which further provides that that "[i]f a motion to dismiss is ultimately filed, the notice of motion must include a separate paragraph indicating in clear terms that the movant has used its best efforts to resolve the matters raised in its submission. This paragraph must also state whether the challenged pleading has been amended in response to the arguments raised in the motion." No such paragraph appears in Defendants' motion.

Similarly, the Complex Pilot Program Rules require: "Pre-motion conferences should be held for all motions except motions for reconsideration, motions for a new trial, and motions in *limine*." The program outlines a series of letter-exchanges that must occur prior to filing the motion. Defendants took no action here to seek a pre-motion conference to save the time and judicial resources of the Court.

Defendants ignored Plaintiffs' repeated requests to dismiss the Addonizios' claims from the Missouri state court action, and made no effort to meet-and-confer in efforts to resolve the matter without the need for motion practice.

    **D.**    **The Defendants' Motion is Procedurally Improper for Two Reasons and Either is Sufficient to Deny Defendants' Motion.**

        **1.**    Defendants' Motion is Untimely.

Andrew Scholz's Declaration in support of Defendants' motion to dismiss plainly states that the Defendants are filing their "motion to dismiss this action pursuant to Fed R. Civ. Pro. 12(b)(6)." (Dkt. No. 92) As this Court is aware, a motion pursuant to Rule 12(b)(6) is not proper in the present context because the Defendants do not argue that Plaintiffs have failed to state a claim. In any case, any motion to dismiss under Rule 12(b) must be denied at this time as untimely because a motion under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." F.R.C.P. 12(b). Defendants long-ago filed responsive pleadings (see Dkt. Nos. 31-37), and thus Defendants' motion is filed too late.

        **2.**    Granting Defendants' Motion Does Not Give Defendants the Relief they Purport to Seek, Instead it Would serve to Dismiss all of the Addonizios' Claims (*Woodward* Factor 6)

Even if Defendants' motion to dismiss was procedurally proper and timely (it is not), Defendants are apparently unaware that their motion cannot, by its very nature, effectuate the end it seeks. Defendants purportedly seek to dismiss this SDNY Action and, instead, force the Addonizios to pursue their case in the Missouri Action. However, Federal Rule of Procedure, Rule 41(b) explicitly provides that if this Court were to grant Defendants' motion that such an order would act as an "involuntary dismissal," which, in turn, "operates as adjudication on the merits." Therefore, the Addonizio case, in any venue, would be a nullity. In order to cure this problem, Plaintiffs have moved for dismissal of Addonizio claims only in the Missouri Action. Exhibit L.[3]

As the Defendants rightfully submit, this Court must determine whether: "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the

---

[3] *Compare* Mo. R.C.P. 67.02(a) with F.R.C.P. 41(b)

issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). But, as discussed above, if this Court grants the present motion, the Addonizios' Missouri Action would become a complete nullity: there would be no vehicle for the resolution of their case whatsoever for now and forever.

### E. The Present (SDNY) Action is More Advanced than the Missouri State Court Action (*Woodward* Factor 4)

As Defendants rightfully point out, this prong of the *Colorado River* test turns not just "on the sequence in which the cases were filed, but rather in terms of how much progress has been made in the two actions." *Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (internal quotation omitted).  Despite Defendants' statements to the contrary, there is no doubt that this action is further advanced in litigation. It is undisputed that this SDNY Action was filed first: May 2, 2012 versus June 4, 2013. Moreover, discovery is in fact more advanced in this SDNY Action: it was the **Defendants** who chose to serve their discovery requests on Addonizio *in this SDNY Action* (and **not** in the Missouri Action), to which Plaintiffs have already responded after multiple meet-and-confer efforts regarding the same.  In the Missouri Action, on the other hand, *no affirmative discovery* of the Addonizio plaintiff has been sought.  Moreover, the Missouri Action is currently all but at a standstill: no scheduling order outlining discovery deadlines have yet been ordered and the next *conference* is not scheduled to go forward until January 14, 2014. Exhibit K.  In this SDNY Action, however, a scheduling order has been entered and discovery is proceeding. (Dkt. No. 65)  Defendants are seeking to get out from under this case and slow-track progress in the Missouri Action: precisely what Plaintiffs, and this Court, have sought to avoid.

### CONCLUSION

For the foregoing reasons, this Court should deny the Defendants' motion because the *Colorado River* abstention doctrine is inapplicable in light of the pending motion to dismiss the

Addonizios' claims from the Missouri Action.  Even if *Colorado River* were applicable here, dismissal would not be warranted under the factors as outlined above. This Court should deny the Defendants' motion given the procedural impropriety of Defendants' motion — it is too late for a Rule 12(b)(6) motion, Defendants failed to follow both Judge Abram's Individual Rules and Practices and the Complex Pilot Program Rules, and the granting of this would, in effect, "operate[] as an adjudication on the merits," dismissing *all* of the Addonizio actions. *See* Rule 41(b).  Finally, should the Court see the need to reach the merits of a *Colorado River* analysis, the facts are clear that it is the Defendants who are seeking to forum shop by dismissing the first-filed and more advanced case, robbing Plaintiff of her preferred (and home) venue.

In the alternative, if the Court is indeed persuaded that dismissal is proper, Plaintiffs respectfully request that the Court dismiss the case under Rule 41(b) expressly without prejudice and with permission that Plaintiffs may proceed in Missouri.

Respectfully submitted:

Dated: December 9th, 2013      LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

　　/s Wendy R. Fleishman_____
Wendy R. Fleishman
wfleishman@lchb.com

Paulina do Amaral
pdoamaral@lchb.com
Daniel R. Leathers
dleathers@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the forgoing Plaintiffs' Opposition to Defendants Thermo Pac, LLC and AmeriQual Group, LLC's Motion to Dismiss has been served on this 9th day of December, 2013, via ECF to the following counsel of record:

Andrew J. Scholz
GOLDBERG SEGALLA LLP
11 Martine Ave., Suite 750
White Plains, NY 10606
    -and-
Glen Amundsen
Gary Zhao
Smith Amundsen LLP
150 No. Michigan Ave., Suite 3300
Chicago, IL 60601

*Counsel for Defendant Thermo Pac, LLC*

Christopher T. Lee, Esq.
DICKIE, MCCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
    -and-
Michael J. Tricarico
Carroll, McNulty & Kull
570 Lexington Avenue, 8th Floor
New York, NY 10022
(212) 252-0004

*Counsel for Defendant Simply Thick, LLC*

Michael Scott
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
    -and-
Rachel Anna Postman
REED SMITH, LLP
599 Lexington Avenue
New York, NY 10022

*Counsel for Third-Party Defendant H.J. Heinz Company*

Barry Kazan
THOMPSON HINE LLP
335 Madison Ave., 12th Fl.
New York, NY 10017

*Counsel for Defendant AmeriQual Group, LLC*

   /s Wendy R. Fleishman
Wendy R. Fleishman